Jeremiah M. Welch (State Bar No. 180370)
jmw@sdvlaw.com
Cheryl L. Kozdrey (State Bar No. 323308)
clk@sdvlaw.com
SAXE DOERNBERGER & VITA
Two Better World Circle, Suite 200
Temecula, CA  92590
Ph: (951) 365-3145; Fax: (203) 287-8847

Attorneys for Plaintiff, Lendlease (US) Construction Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LENDLEASE (US) CONSTRUCTION INC.<br><br>    Plaintiff,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY.<br><br>    Defendants. | Case No.: 2:20-cv-01249-JAK-JC<br><br>**PLAINTIFF'S APPLICATION TO SEAL THE COMPLAINT AND EXHIBIT A, AND LEAVE TO FILE REDACTED VERSION** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to the Honorable John A. Kronstadt's Standing Order No. 11., Plaintiff LENDLEASE (US) CONSTRUCTION INC. ("Lendlease") and Defendant ZURICH AMERICAN INSURANCE COMPANY ("Zurich") met and conferred via telephone on February 24, 2020 regarding the present Application and, on February 26, 2020, Zuirch confirmed, via email, that it agrees with the proposed seal and refiling of Lendlease's Complaint and Exhibit A thereto, the grounds for which are set forth in more detail below.

Pursuant to Civil L.R. 79-5.2.2(a) and Federal Rules of Civil Procedure 5.2(d)-(e), Lendlease hereby asks this Court to seal the Complaint against Zurich, including Exhibit A appended thereto (Dkt. No. 1) and for leave to file a redacted version of the Complaint and Exhibit A. As grounds therefore, Lendlease states as follows:

Pursuant to Federal Rule of Civil Procedure 5.2(d), "the court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Further, the court may, for good cause, issue a protective order, requiring redaction of additional information, or limit or prohibit a non-party's remote electronic access to a document filed with the court." Fed. R. Civ. Proc. 5.2(e).

On February 7, 2020, Lendlease, by and through its attorneys Saxe Doernberger & Vita, P.C., filed a Complaint for damages and declaratory relief against Zurich. (*See* Dkt. No. 1.) The Complaint, and its appended Exhibit A, contain confidential business information and/or limited aspects of trade secrets, including the value of Lendlease's insurance premiums, self-insured retention, limits of liability, and other sensitive financial information bearing on Lendlease's internal business operations as a privately-owned corporation. The financial information contained in the Complaint and its Exhibit A is not otherwise known or available to the public; it provides Lendlease with an economic advantage over its competitors in the construction marketplace; and Lendlease actively protects this information from disclosure through reasonable efforts to maintain its status as confidential and/or secret.

Confidential information contained in Exhibit A, including the value of Lendlease's insurance premiums, have no bearing on the legal issues presented before this Court and therefore, no public interest exists to justify its disclosure to parties beyond those directly subject to the present action. *See Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (when considering a protective order, "the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret") (internal citations omitted); *See e.g. Moore v. Ferguson*, No. 2:15-cv-04531, 2015 WL 9587748 (S.D. W. Va. Dec. 30, 2015) (granting protective order as to premiums paid on insurance contracts, as well as contractual reimbursements, in part because the information bore no weight on the claims against defendant and the information was not relevant to the merits of the action).

Further, both the Complaint and Exhibit A contain confidential business information and non-public financial information that federal courts regularly protect from disclosure beyond the

2

direct parties to a lawsuit. *See e.g., Ponzio v. 3M Company*, No. 2:16-CV-3521, 2016 WL 6407376 at *3 (C.D. Cal. Oct. 28, 2016) (upholding parties stipulated protective order and ordering nondisclosure of materials designated "confidential," including trade secrets, confidential business information, the disclosure of which might adversely affect or prejudice business or competitive position of the parties, and non-public financial information relating to a party or its affiliated companies); *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1225-26 (Fed. Cir. Aug. 23, 2013) (holding district court's refusal to seal parties' confidential financial information, which was attached to pretrial motions, was abuse of discretion; parties could suffer competitive harm if the information were made public, and the public had only a minimal interest in the parties' confidential financial information); *Moore*, 2015 WL 9587748 (protective order granted with respect to insurance premiums).

For the forgoing reasons, Lendlease respectfully asks this Court to:

1. **GRANT** Lendlease's Application to Seal the Complaint and Exhibit A attached thereto (Dkt. No. 1), pursuant to its authority under Fed. R. Civ. Proc. 5.2(d); and

2. Pursuant to its authority under Fed. R. Civ. Proc. 5.2(e), **GRANT** Lendlease leave to file redacted versions of the Complaint and Exhibit A in the form attached to this Application as "REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL."

SAXE DOERNBERGER & VITA, P.C.

Dated:   March 3, 2020

By: _____
    Cheryl L. Kozdrey, Esq.