UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01249 JAK (JCx) | Date | May 22, 2020 |
|---|---|---|---|
| Title | Lendlease (US) Construction, Inc. v. Zurich American Insurance Company | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Cheryl Wynn | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S APPLICATION TO SEAL THE COMPLAINT AND EXHIBIT A, AND LEAVE TO FILE REDACTED VERSION (DKT. 19)**

**I.      Introduction**

Lendlease (US) Construction, Inc. ("Lendlease") brought this action against Zurich American Insurance Company ("Zurich). Dkt. 1. The Complaint advances two causes of action: (i) breach of contract and (ii) declaratory judgment. Dkt. 1 ¶¶ 35-47. The underlying dispute arises from an insurance policy issued to Lendlease by Zurich, a copy of which is attached as Exhibit A to the Complaint (the "Policy"). *See id.* ¶¶ 9-15; Dkt. 1-1.

The Complaint was not filed under seal. On March 4, 2020, Lendlease filed Plaintiff's Application to Seal the Complaint and Exhibit A, and Leave to File Redacted Version (the "Application"). Dkt. 19. Lendlease filed a sealed declaration in support of the application. Dkt. 20. Zurich agrees with the sealing proposed by the Application. *See* Dkt. 19 at 1. For the reasons stated in this Order, the Application is **DENIED**.

**II.     Analysis**

      A.     Legal Standards

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Courts "start with a strong presumption in favor of access to court records." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party "seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, the Ninth Circuit has "carved out an exception" for certain motions. *Id.* at 1097 (quoting *Foltz*, 331 F.3d at 1135). In *Center for Auto Safety*, the Ninth Circuit distinguished "dispositive" and "non-dispositive" motions. *Id.* It explained that these terms are not "mechanical classifications" and that "public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1097, 1101. "While many technically non-dispositive motions will fail this test, some will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01249 JAK (JCx) | Date | May 22, 2020 |
|---|---|---|---|
| Title | Lendlease (US) Construction, Inc. v. Zurich American Insurance Company | | |

pass." *Id.* at 1101.

The "compelling reasons" test is a "stringent standard" under which a "court may seal records only when it finds 'a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Center for Auto Safety*, 809 F.3d at 1097-98 (alteration adopted) (quoting *Kamakana*, 447 F.3d at 1179). A court "must then 'conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Id.* at 1098 (alteration adopted) (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). *Nixon* provided examples of documents that had been filed under seal, which included "sources of business information that might harm a litigant's competitive standing." 435 U.S. at 598. However, *Kamakana* recognized that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." 447 F.3d at 1179.

A party seeking to have such a document filed under seal must "articulate[] compelling reasons supported by specific factual findings." *See Kamakana*, 447 F.3d at 1178. "An unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *2 (N.D. Cal. Mar. 4, 2015) (quoting *Hodges v. Apple, Inc.*, No.13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)).

Courts also weigh the potential public interest in disclosure of the information at issue. This includes a review of the nature of the information and its importance to the issues presented in the action. Where "the material to be sealed goes to the very heart of the suit, the public interest in access is especially great." *Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19-CV-04312-BLF, 2020 WL 1245352, at *2 (N.D. Cal. Mar. 16, 2020).

"Although the Ninth Circuit appears not to have explicitly stated what standard applies to the sealing of a complaint, many courts in this district and elsewhere have found that the compelling reasons standard applies." *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (collecting cases). "While a complaint is not, per se, dispositive, 'it is the root, the foundation, the basis by which a suit arises and must be disposed of.'" *McCrary v. Elations Co., LLC*, No. ED CV 13-00242 JGB OP, 2014 WL 1779243, at *6 (C.D. Cal. Jan. 13, 2014) (quoting *In re NVIDA Corp. Derivative Litig.*, C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008)). That analysis is adopted here, and the compelling reasons standard is applied.

      B.    Application

Lendlease argues that the Policy contains "confidential business information and/or limited aspects of trade secrets, including the value of Lendlease's insurance premiums, self-insured retention, limits of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-01249 JAK (JCx) | Date | May 22, 2020 |
|---|---|---|---|
| Title | Lendlease (US) Construction, Inc. v. Zurich American Insurance Company | | |

liability, and other sensitive financial information bearing on Lendlease's internal business operations as a privately-owned corporation." Dkt. 19 at 2. Lendlease maintains that the "financial information" in the Complaint and the Policy is "not otherwise known or available to the public," provides an "economic advantage over its competitors in the construction marketplace" and is actively protected from disclosure through reasonable efforts to maintain its status as "confidential and/or trade secret." *Id.*

The claims advanced in the Complaint arise from the Policy. The Complaint alleges liability limits and a self-insured retention amount. *See* Dkt. 1 ¶¶ 13, 39. The sealed declaration in support of the Application lacks any specificity. It is, therefore, an "unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage." *Specialized Bicycle Components*, 2015 WL 984121, at *2 (quoting *Hodges*, 2013 WL 6070408, at *2). The compelling reasons standard requires more than this with respect to matters that are central to the merits of the asserted claims. *See Center for Auto Safety*, 809 F.3d at 1096-1100.

Finally, the terms of the Policy, including the premium amounts, liability limits, self-insured retention and similar information, is information that was shared by the parties when they negotiated the terms. There is no evidence that either side sought an agreement of non-disclosure due to potential harm that would otherwise result. Therefore, it has not been shown that the continued disclosure of such common matters could harm Lendlease's "competitive standing" or constitute any "release of trade secrets." *See Kamakana*, 447 F.3d at 1179. This is confirmed by its initial decision to file the Complaint and the Policy on the public docket.

**III.     Conclusion**

For the reasons stated in this Order, the Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | cw |